UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LOREN TWO BULLS, a/k/a Loren Reyna, | ) ) ) | CIV. 11-5032-JLV |
| Petitioner, | ) ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | |
| TIM REISCH; DOUGLAS WEBER, Warden, South Dakota State Penitentiary; and MARTY JACKLEY, Attorney General of the State of South Dakota, | ) ) ) ) ) ) ) | |
| Respondents. | ) | |

**INTRODUCTION**

On April 4, 2011, petitioner Loren Two Bulls, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket 1). Respondents moved to dismiss the petition, alleging Mr. Two Bulls failed to exhaust state court remedies and procedurally defaulted his claims, thereby precluding federal review. (Docket 16). Mr. Two Bulls opposed the motion. (Dockets 18 & 19). The court referred the motion to Magistrate Judge Veronica L. Duffy for a report and recommendation. (Docket 21). In an order to show cause filed on September 30, 2011, Judge Duffy identified a statute of limitations issue and ordered the parties to brief that issue. (Docket 28). The parties complied with the order to show cause. (Dockets 32 & 34). On October 24, 2011, Judge Duffy filed a report recommending

the court dismiss with prejudice Mr. Two Bull's § 2254 petition on statute of limitations and procedural default grounds. (Docket 35). Mr. Two Bulls timely filed objections to the report and recommendation, see Docket 36, thus triggering *de novo* review of the record.[1] For the reasons set forth below, the court finds Mr. Two Bulls' § 2254 petition runs afoul of the applicable statute of limitations and must be dismissed.

## DISCUSSION

Mr. Two Bulls' objections are not a model of clarity, but it appears he objects to the report and recommendation in its entirety. The court reviewed *de novo* Judge Duffy's recitation of facts and procedural history. The court finds the recitation to be accurate and incorporates it with the following additions and corrections. The state circuit court dated and filed an order revoking suspended execution of sentence and judgment on October 15, 2008, effective October 14, 2008. The judgment contained a notice to Mr. Two Bulls of his right to appeal his sentence to the South Dakota Supreme Court within thirty days of the filing of the judgment. At the sentencing hearing, the state circuit court also orally advised Mr. Two

---

[1] The court thoroughly reviewed the filings in the above-captioned case. In addition, the court thoroughly reviewed Mr. Two Bulls' state court files from the Seventh Judicial Circuit Court for the State of South Dakota. His criminal case number in the state circuit court is CR. 08-1693 and his habeas case number in the state circuit court is the same. The South Dakota Supreme Court does not have records for Mr. Two Bulls. See Docket 25. Additionally, the court contacted the South Dakota Supreme Court to inquire of any records for Loren Reyna and was informed no records exist.

Bulls of his right to appeal and the time limit for doing so. The state circuit court filed an amended order revoking suspended execution of sentence and judgment on October 21, 2008, effective October 14, 2008, and dated October 20, 2008. This judgment also contained a notice of Mr. Two Bulls' right to appeal. Mr. Two Bulls did not appeal his sentence to the South Dakota Supreme Court.

On July 7, 2010, Mr. Two Bulls filed a *pro se* letter requesting a sentence modification. The state circuit court appointed counsel and held a hearing on August 17, 2010. The state circuit court denied the motion on January 31, 2011. Beginning on or about September 15, 2010, Mr. Two Bulls prepared a series of *pro se* petitions for writ of habeas corpus and for mandamus.[2] On December 3, 2010, the state circuit court filed an order dismissing Mr. Two Bulls' petitions with prejudice. The state circuit court determined no appealable issue existed and declined to issue a certificate of probable cause.[3] Mr. Two Bulls sent the state circuit court a letter requesting review of his petitions. On December 10, 2010, the state circuit

---

[2]Mr. Two Bulls signed the petitions on different dates, but it appears no earlier than September 15, 2010. It is unclear when the clerk's office filed the petitions. Only one petition had a clerk's stamp indicating the filing date was October 14, 2010. However, the same petition contained a notation from the state circuit court indicating the petition was denied on September 20, 2010, so clearly the circuit court received the petition several weeks before the clerks filed it.

[3]The order is dated December 2, 2010.

court upheld its previous orders and declined to review Mr. Two Bulls' additional submissions.  On March 31, 2011, Mr. Two Bulls filed another *pro se* petition for writ of habeas corpus, which the state circuit court refused to consider.  Mr. Two Bulls did not seek a certificate of probable cause from the South Dakota Supreme Court to appeal the denial of his petitions.  On April 4, 2011, Mr. Two Bulls filed his § 2254 petition in this court.

Judge Duffy found the one-year statute of limitations governing Mr. Two Bulls' § 2254 petition began to run on November 14, 2008, when direct review of Mr. Two Bulls' judgment concluded.  Judge Duffy arrived at this date undoubtedly because the state circuit court made the amended judgment effective on October 14, 2008.  However, the state circuit court did not file the amended judgment until October 21, 2008.  In viewing the record in the light most favorable to Mr. Two Bulls, the court finds direct review of his judgment concluded on November 21, 2008,[4] on which date

---

[4]For prisoners who do not seek review by the United States Supreme Court, a state court judgment becomes final, thereby commencing the one-year statute of limitations governing § 2254 petitions, when the time for seeking discretionary review in the state's highest court expires.  Gonzalez v. Thaler, __ U.S. __, 132 S. Ct. 641, 653-54 (2012).  In South Dakota, a petitioner who wishes to appeal his conviction to the South Dakota Supreme Court must file a notice of appeal within thirty days of the issuance of the judgment of conviction.  See SDCL § 23A-32-15.  Thus, direct review of Mr. Two Bulls' judgment concluded on November 21, 2008, when the time for seeking review by the South Dakota Supreme Court expired.

the one-year statute of limitations governing § 2254 petitions began to run.[5] The statute of limitations expired on November 21, 2009. Thus, Mr. Two Bulls had until that date to file a § 2254 petition in federal court unless statutory and/or equitable tolling apply.

The court incorporates by reference Judge Duffy's legal analysis of statutory tolling. The court agrees with Judge Duffy's conclusion statutory tolling does not apply because the statute of limitations expired before Mr. Two Bulls sought post-conviction relief in state court.[6] See Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003) (petitioner's post-conviction motion did not toll AEDPA's[7] statute of limitations when the post-conviction motion was not pending during the relevant time period); Gray v. Gammon,

---

[5]This correction does not change the ultimate conclusion Mr. Two Bulls' § 2254 petition is time-barred.

[6]The first time Mr. Two Bulls sought post-conviction relief in the state circuit court was on or about September 15, 2010, long after the deadline for filing a § 2254 petition expired. Thus, Mr. Two Bulls' post-conviction efforts in the state circuit court do not qualify for statutory tolling. In some cases, a motion to reduce sentence may qualify for statutory tolling, see Wall v. Kholi, __ U.S. __, 131 S. Ct. 1278, 1286-87 (2011), but the court need not decide whether Mr. Two Bulls' motion to reduce his sentence qualifies. Because Mr. Two Bulls filed the motion long after the deadline for filing a § 2254 petition expired, the motion cannot toll the statute of limitations.

[7]Antiterrorism and Effective Death Penalty Act of 1996. AEDPA established the one-year statute of limitations governing § 2254 petitions codified in 28 U.S.C. § 2244(d)(1). See 28 U.S.C. § 2244(d)(1); Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006) ("The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 requires a state prisoner seeking federal habeas corpus relief to file his federal petition within a year after his state conviction becomes final.").

283 F.3d 917, 918 (8th Cir. 2002) (same).  Statutory tolling cannot save Mr. Two Bulls' untimely filing.

Mr. Two Bulls argues he is entitled to equitable tolling because (1) the state circuit court did not appoint counsel to assist him in pursuing post-conviction relief and denied his request for a transcript of the revocation and sentencing hearing and (2) his *pro se* status, lack of knowledge and understanding of the law, and mental deficiencies made it impossible to timely file his § 2254 petition.

Mr. Two Bulls' allegations, even if the court accepts them as true, do not justify equitable tolling.  Equitable tolling is an extraordinary remedy used only in rare circumstances and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief."  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).  "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."  Id. at 806 (citation and internal quotation marks omitted).  Equitable tolling is appropriate only when one of two conditions is present: (1) "extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time," or (2) "[respondent's] conduct lulls the prisoner into inaction."  Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005) (emphasis added).  In other words, a petitioner may be entitled to

6

equitable tolling only when the conduct of respondents caused the petitioner to be late in filing *or* when "other circumstances, external to the [petitioner] and not attributable to his actions, are responsible for the delay." Id. (citation and internal quotation marks omitted).  In addition to one of the above conditions being present, petitioners must demonstrate they "diligently pursue[d] their own post-conviction cases." Id.

     The court finds the conduct of the state circuit court to be unobjectionable.  It is well settled that "[t]here is no general [constitutional] right to post-conviction counsel in collateral proceedings, because such proceedings are usually civil in nature." Reagan v. Norris, 279 F.3d 651, 656 (8th Cir. 2002).  Mr. Two Bulls had the opportunity and ability to pursue post-conviction relief *pro se*, and indeed did so.  See Jihad, 267 F.3d at 806 (finding petitioner's unsuccessful search for counsel to assist him in seeking post-conviction relief "was not an extraordinary circumstance warranting equitable tolling").  Additionally, lack of access to a transcript did not prevent Mr. Two Bulls from seeking post-conviction relief.  See id. (finding lack of access to a transcript "does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling").  Mr. Two Bulls appeared in person at the revocation and sentencing hearing and had all of the information necessary to challenge his sentence in post-conviction proceedings.  In sum, the state circuit court did

7

not impede Mr. Two Bulls' efforts to file any type of habeas petition, much less a § 2254 petition in federal court.[8]  The state circuit court's conduct did not "lull[] [Mr. Two Bulls] into inaction through reliance on that conduct." Riddle v. Kemna, 523 F.3d 850, 858 (8th Cir. 2008) (*en banc*), *abrogated on other grounds by* Gonzalez v. Thaler, __ U.S. __, 132 S. Ct. 641 (2012). Finally, the state circuit court did not affirmatively mislead Mr. Two Bulls in any way or impede Mr. Two Bulls' filing efforts.  See id. (collecting inter-circuit cases in which courts allowed equitable tolling where state courts affirmatively misled petitioners regarding the steps needed to preserve their claims).  Mr. Two Bulls' complaints are "the kinds of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period. These were not extraordinary circumstances beyond [Mr. Two Bulls'] control, and the [s]tate did nothing to prevent him from taking more timely action."  See Jihad, 267 F.3d at 806-07.

Additionally, the court finds Mr. Two Bulls did not act diligently in pursuing post-conviction relief.  Mr. Two Bulls waited almost two years after the state circuit court entered judgment to seek post-conviction relief from

---

[8]Mr. Two Bulls indicates he did not receive a copy of the amended judgment.  Even if true, this fact would not have prevented Mr. Two Bulls from pursuing post-conviction relief.  He was present at his revocation and sentencing hearing, had all of the necessary information at his disposal, and received the original judgment.

any court. Mr. Two Bulls provided no explanation for the two years of complete inaction. Undoubtedly, like many prisoners, he was unaware of or did not understand the one-year statute of limitations governing § 2254 petitions. However, respondents cannot be blamed for Mr. Two Bulls' lack of knowledge or understanding of federal habeas law.

Mr. Two Bulls also argues his *pro se* status and lack of knowledge and understanding of the law should excuse the untimeliness of his § 2254 petition. The court finds this argument unavailing. "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000); see also Baker v. Norris, 321 F.3d 769, 771-72 (8th Cir. 2003) (petitioner's ignorance of the enactment of AEDPA and lack of adequate access to the prison law library did not justify equitable tolling); Cross-Bey, 322 F.3d at 1016 (petitioner's lack of understanding of the law and failure to recognize the importance of AEDPA's statute of limitations did not justify equitable tolling). This holding is due to the oft-cited legal principle that "everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." Baker, 321 F.3d at 772. Prisoners pursuing claims under habeas law are not exempt from this principle. Id. Although the law in the Eighth Circuit may seem harsh, this court is bound by its precedent.

9

Finally, Mr. Two Bulls alleges his mental deficiencies justify equitable tolling.  Although the record indicates Mr. Two Bulls has mental health issues, Mr. Two Bulls was found legally competent during his underlying state court proceedings.  Mr. Two Bulls had the ability and mental capacity to prepare and send numerous letters to the state circuit court as well as to file a *pro se* request for sentence modification and *numerous pro se* petitions for writ of habeas corpus and mandamus.  Clearly, Mr. Two Bulls' mental deficiencies did not hinder him from seeking post-conviction relief because he did so.  Indeed, Mr. Two Bulls filed the present § 2254 petition *pro se.*

Mr. Two Bulls did not explain how his mental deficiencies resulted in the almost two-year delay in pursuing post-conviction relief in any court.  The court finds Mr. Two Bulls is not entitled to the extraordinary remedy of equitable tolling.[9]  Consequently, the court finds Mr. Two Bulls' § 2254 petition is time-barred and federal review cannot lie.  Because the court

---

[9]The court makes one final note.  Mr. Two Bulls mentions the term "actual innocence," although it is unclear if he is laying claim to it.  Actual innocence generally is not a circumstance sufficient to toll the one-year statute of limitations.  <u>Flanders v. Graves</u>, 299 F.3d 974, 976-77 (8th Cir. 2002).  In rare circumstances, a claim of actual innocence may justify equitable tolling.  "For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts [establishing actual innocence] in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a [§ 2254] petition within the period of limitations."  <u>Id.</u> at 978.  Mr. Two Bulls has not made such a showing.  The factual predicate for his "actual innocence" claim was not newly discovered, but rather was known to him by virtue of his presence at the revocation and sentencing hearing.

finds the statute of limitations issue to be dispositive, the court need not consider whether Mr. Two Bulls also procedurally defaulted on his § 2254 claims by failing to exhaust state court remedies.

## CONCLUSION

In accord with the above discussion and upon *de novo* review of the record in this case, including the state court records, it is hereby

ORDERED that Mr. Two Bulls' petition for writ of habeas corpus (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that respondents' motion to dismiss (Docket 16) is denied as moot.

IT IS FURTHER ORDERED that the report and recommendation (Docket 35) is adopted in part and with the above additions.

IT IS FURTHER ORDERED that Mr. Two Bulls' objections (Docket 36) are overruled.

IT IS FURTHER ORDERED that Mr. Two Bulls' motion for evaluation (Docket 20), motions for files, transcripts, and copies (Dockets 37, 39, & 40), and motion for appointment of counsel (Docket 38) are denied as moot.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added) (establishing a two-prong standard). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the case or that the petitioner should be allowed to proceed further. In such circumstances, no appeal would be warranted." Id. The court does not believe reasonable jurists would find the court's ruling debatable or wrong. Accordingly, a certificate of appealability shall not issue in light of the second prong of the Slack standard.

Although the court declines to issue a certificate of appealability, Mr. Two Bulls may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts & Fed. R. App. P. 22.

IT IS FURTHER ORDERED that the Clerk of Court shall promptly mail to Mr. Two Bulls a copy of the Rules Governing Section 2254 Cases in the United States District Courts and a copy of the document entitled "Information Regarding Possible Appeal."

IT IS FURTHER RECOMMENDED that Mr. Two Bulls thoroughly review the Federal Rules of Appellate Procedure, paying particular attention to Rules 4(A), 22, & 24.

Dated March 26, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE